Leon E. Jew (SBN 219298)
Dahyee Law Group
7041 Koll Center Pkwy, Suite 280
Pleasanton, CA 94566
Tel: (925) 463-3288
Fax: (925) 463-3218
Dlg5776@gmail.com;
Leon.Jew@dahyee.com; and
Tyson.lin@dahyee.com

Attorney for Plaintiffs
MJ SUSHI HOLDING COMPANY, INC.
and Wenyuan Fan

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| MJ SUSHI HOLDING COMPANY, INC., a California corporation, and WENYUAN FAN, an individual, , <br><br> Plaintiffs, <br><br> vs. <br><br> MEILING LI, an individual; MJ SAUSALITO INC, a California corporation; MJ MENLO PARK INC, a California corporation; MJ DANVILLE GROUP INC, a California corporation; MJ SUSHI INC, a California corporation; MJ SUSHI PALO ALTO INC, a California corporation; and MJ SUSHI FOSTER CITY INC, a California corporation, <br><br> Defendants, | Case No.: <br><br> I. False Designation of Origin and Unfair Competition; <br> II. Violation of California Unfair Competition Law; <br> III. Intentional Infliction of Emotional Distress; and <br> IV. Declaratory Relief <br><br> Demand for Jury Trial |

DAHYEE LAW GROUP
(925) 463-3288

1

DAHYEE LAW GROUP
(925) 463-3288

Plaintiffs MJ Sushi Holding Company, Inc. and Wenyuan Fan (collectively "Plaintiffs"), complain against Defendants Meiling Li and the six corporate entities listed above (collectively "Defendants") as follows:

## I.   JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act (15 U.S.C. § 1125(a)). The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

2. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because all Defendants reside or are doing business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II.  PARTIES

3. Plaintiff MJ Sushi Holding Company, Inc. ("Holding Company") is a California corporation with its principal place of business in California. It is the sole owner of the "MJ Sushi" trademark and related intellectual property rights. Wenyuan Fan is the sole owner and principal of the Holding Company.

4. Plaintiff Wenyuan Fan ("Fan") is an individual residing in California. He is married to Defendant Meiling Li; the couple is currently engaged in dissolution proceedings in the Superior Court of California, County of Santa Clara. Fan is an employee of the MJ Sushi restaurant, and has devoted his life's work to building the MJ Sushi brand.

5. Defendant Meiling Li ("Li") is an individual residing in California. She is Fan's wife and serves as CEO, CFO, and Secretary of each of the six corporate Defendants. Li is primarily responsible for the financial affairs of the MJ Sushi restaurant operations.

6. The six corporate Defendants are California corporations that operate six MJ Sushi restaurants under the common trade name and mark "MJ Sushi", include:

   o MJ Sausalito Inc, located at 2633 Bridgeway, Sausalito, CA 94965;

DAHYEE LAW GROUP
(925) 463-3288

    o   MJ Menlo Park Inc, located at 325 Sharon Park Drive A2, Menlo Park, CA 94025;

    o   MJ Danville Group Inc, located at 3468 Camino Tassajara, Danville, CA 94506;

    o   MJ Sushi Inc, located at 6068 Stevenson Blvd, Fremont, CA 94538;

    o   MJ Sushi Palo Alto Inc, located at 2305 El Camino Real A, Palo Alto, CA 94306; and

    o   MJ Sushi Foster City Inc, located at 977 E Hillsdale Blvd, Foster City, CA 94404. Each corporate Defendant is managed jointly by Fan and Li, but Li controls the financial operations.

### III. GENERAL ALLEGATIONS

7. Fan and Li are husband and wife and have jointly managed the MJ Sushi restaurant business, which consists of six locations operating under the unified "MJ Sushi" brand and trademark.

8. Plaintiff Holding Company owns the "MJ Sushi" trademark. Fan, through the Holding Company, initially authorized the corporate Defendants to use the "MJ Sushi" mark in connection with the operation of the restaurants.

9. Li is the CEO, CFO, and Secretary of each corporate Defendant and is primarily responsible for financial matters, including employee hiring and compensation. Fan is primarily responsible for the restaurants' operations.

10. Fan and Li are currently parties to a dissolution of marriage proceeding pending in the Superior Court of California, County of Santa Clara.

11. Fan has recently discovered that Li has engaged in embezzlement, wrongfully diverting and stealing more than $1,000,000 from the corporate Defendants' funds for her personal use. Li has also refused to pay employee salaries and vendor expenses, harming the MJ Sushi's business operations.

DAHYEE LAW GROUP
(925) 463-3288

12. Fan has further discovered that Li has engaged in illegal activities at the MJ Sushi restaurants, including hiring and employing workers who lack valid employment authorization documents or work permits in the United States, and paying employee compensation in cash (rather than by check or bank transfer) for the purpose of evading state and federal tax obligations.

13. Due to Li's misconduct, embezzlement, refusal to pay legitimate obligations, and illegal activities, Plaintiffs have revoked any and all prior authorization or implied license for Defendants to use the "MJ Sushi" trademark.

14. Although MJ Sushi Holding Company, Inc. was formed during the marriage and its stock may be characterized as community property in the parties' pending Santa Clara County dissolution proceeding, Plaintiff Fan is the sole record shareholder, sole director, and CEO of the Holding Company. In that capacity, and consistent with his fiduciary duties to the corporation under California Corporations Code § 300, Fan has exercised his managerial authority to revoke any prior authorization for the use of the 'MJ Sushi' mark in order to protect the trademark and corporate goodwill from Defendants' ongoing unlawful activities.

15. Plaintiff Fan previously notified Defendants, both orally and in writing, that any and all prior authorization or implied license for the corporate Defendants to use the "MJ Sushi" trademark had been revoked due to Defendant Li's unlawful conduct, including embezzlement of more than $1,000,000, refusal to pay employee salaries and vendor expenses, employment of unauthorized workers, and cash wage payments intended to

evade state and federal taxes. Despite such notice, Defendants continued to operate the six restaurants under the "MJ Sushi" mark while engaging in these unlawful activities in direct connection with the mark. By the filing and service of this Complaint, Plaintiffs hereby provide formal written notice to all Defendants that any prior authorization or implied license to use the "MJ Sushi" trademark is expressly and irrevocably revoked and terminated effective immediately. Defendants' continued use of the mark after this revocation constitutes unauthorized use in violation of Plaintiffs' rights.

16. The MJ Sushi brand is Fan's life's work. Defendants' continued unauthorized use of the mark in conjunction with the embezzlement, non-payment of obligations, and illegal activities has caused Plaintiffs substantial economic damage and has inflicted severe emotional distress upon Fan.

### IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a)
### (Against All Defendants)

17. Plaintiffs re-allege and incorporate by reference paragraphs alleged herein. Defendants' continued use of the "MJ Sushi" mark after revocation of authorization, and in connection with illegal employment practices and tax evasion, constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a). Such use is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of the restaurants and has damaged Plaintiffs' goodwill and reputation. Defendants' actions are willful and intentional.

### SECOND CAUSE OF ACTION

**Violation of California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200 (Against All Defendants)**

18. Plaintiffs re-allege and incorporate by reference all paragraphs mentioned herein.

19. California Business and Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business act or practice.

20. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200. Specifically:

A. Unlawful Prong: Defendants have engaged in numerous unlawful business practices by violating multiple federal and state laws, including but not limited to: (i) embezzlement and conversion of corporate funds exceeding $1,000,000; (ii) employment of workers lacking valid employment authorization documents or work permits in violation of federal immigration laws; (iii) payment of employee compensation in cash for the purpose of evading state and federal tax obligations; (iv) failure and refusal to pay employee wages and vendor obligations when due; and (v) continued unauthorized use of the "MJ Sushi" trademark after Plaintiffs revoked any prior authorization or implied license.

B. Unfair Prong: Defendants' conduct is unfair because it offends established public policies underlying California's employment, tax, and intellectual property laws. Defendants' actions are immoral, unethical, oppressive, and substantially injurious to Plaintiffs and to the public. The gravity of the harm caused to the goodwill and value of the "MJ Sushi" brand greatly outweighs any purported utility of Defendants' practices. By operating the restaurants under the "MJ Sushi" name while engaging in the foregoing illegal activities, Defendants have obtained an unfair competitive advantage.

DAHYEE LAW GROUP
(925) 463-3288

6

DAHYEE LAW GROUP
(925) 463-3288

C.  Fraudulent Prong: Defendants' continued use of the "MJ Sushi" mark in connection with the above-described unlawful activities is likely to deceive members of the public regarding the source, sponsorship, affiliation, approval, and legitimacy of the restaurant services being offered.

21. As a direct and proximate result of Defendants' violations of § 17200, Plaintiffs have suffered injury in fact and have lost money and property, including but not limited to damage to the goodwill and economic value of the "MJ Sushi" trademark, which is Plaintiff Fan's life's work.

### THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress (Against Li)

22. Plaintiffs re-allege and incorporate by reference all paragraphs mentioned herein.

23. Li's extreme and outrageous conduct—embezzling over a million dollars, refusing to pay employees and vendors, engaging in illegal hiring and tax evasion, and continuing to misuse Fan's life's work after revocation of authorization—has caused Fan severe emotional distress.

### FOURTH CAUSE OF ACTION
### Declaratory Relief (Against All Defendants)

24. Plaintiffs re-allege and incorporate by reference all paragraphs mentioned herein.

25. An actual controversy exists regarding Plaintiffs' exclusive rights in the "MJ Sushi" trademark and the termination of any prior authorization or implied license. Plaintiffs seek a declaration that any license or permission to use the mark has been revoked and that Defendants have no right to continue using it or unlawfully use it.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a.  Preliminary and permanent injunctive relief: enjoining Defendants, their agents, officers, employees, successors, assigns, and all persons in active concert or

participation with them from: (i) using the "MJ Sushi" name, mark, or any confusingly similar designation in any manner in connection with restaurant services or any related commercial activities; and (ii) continuing any unlawful actions, including non-payment of employee salaries or vendor expenses, employment of workers lacking valid employment authorization documents, or payment of compensation in cash for the purpose of evading taxes, in connection with the "MJ Sushi" mark or any restaurants operating under that name;

b.  Compensatory damages in an amount to be proven at trial;

c.  Treble damages and attorneys' fees under the Lanham Act (15 U.S.C. § 1117) where applicable;

d.  Declaratory relief as requested;

e.  Costs of suit; and

f.  Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Date: 04/22/2026

/s/ Leon Jew

Leon Jew
Attorney for Plaintiffs
MJ SUSHI HOLDING COMPANY, INC., and
Wenyuan Fan

**DAHYEE LAW GROUP**
(925) 463-3288

8