UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MJ SUSHI HOLDING COMPANY, INC., et al.,<br>Plaintiffs,<br>v.<br>MEILING LI, et al.,<br>Defendants. | Case No. 26-cv-03386-LB<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF No. 7 |

**INTRODUCTION AND STATEMENT**

This case involves claims for trademark infringement, unfair competition, and intentional infliction of emotional distress (IIED) made by plaintiff Wenyuan Fan and the MJ Sushi Holding Company against defendant Meiling Li and six MJ Sushi restaurants that Fan and Li comanage under the unified MJ Sushi brand and trademark.[1] Fan and Li are currently in marriage dissolution proceedings in Santa Clara County Superior Court.[2] The MJ Sushi Holding Company "owns the 'MJ Sushi' trademark" and "initially authorized the corporate Defendants to use the 'MJ Sushi' mark in connection with the operation of the restaurants."[3] Fan is the sole record shareholder, sole

[1] Compl. – ECF No. 1 at 2–3 (¶¶ 3, 6–7). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 10).

[3] *Id.* (¶ 8).

director, and CEO of the holding company.[4] Li is the CEO, CFO, and Secretary of each of the MJ Sushi restaurants and is primarily responsible for financial matters, including employee hiring and compensation. Fan is primarily responsible for the restaurants' operations.[5]

The plaintiffs allege that Li has embezzled more than one million dollars from the MJ Sushi restaurants, refused to pay employee salaries and vendor expenses, hired workers lacking valid employment authorization documents, and paid employee compensation in cash to evade state and federal tax obligations.[6] Because of Li's conduct, the plaintiffs revoked authorization from the defendants to use the MJ Sushi trademark.[7]

The plaintiffs assert claims for (1) false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), (2) unfair competition (based on the defendants' unlawful conduct (including embezzlement and evading state and federal taxes), unfair practices, and fraudulent use of the MJ Sushi mark) under the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, (3) IIED (partly based on Li's embezzling from the restaurant defendants and refusing to pay employees and vendors), and (4) declaratory relief stating that the defendants have no right to continue using the MJ Sushi trademark.

The defendants contend that the case should be dismissed under domestic-relations abstention, the *Colorado River* doctrine (which would stay the case), and *Burford* abstention and that the plaintiffs have not plausibly pleaded their trademark claims because (1) Fan cannot sue the MJ Sushi restaurants as a co-owner (essentially, he is suing himself), (2) the plaintiffs failed to allege first use of the trademark, (3) there is no likelihood of confusion, (4) the plaintiffs acquiesced to the defendants' using the mark, and (5) the plaintiffs are estopped from revoking authorization to use the trademark.

The plaintiffs respond that (1) Fan is suing in his capacity as CEO and director of MJ Sushi Holding Company, not as an individual, (2) trademark rights are not currently at issue in state

---

[4] *Id.* at 4 (¶ 14).
[5] *Id.* at 3 (¶ 9).
[6] *Id.* at 3–4 (¶¶ 11–12).
[7] *Id.* at 4 (¶ 13).

United States District Court
Northern District of California

court dissolution proceedings, (3) the defendants only used the MJ Sushi trademark with the plaintiffs' authorization, which was later revoked, (4) there is a likelihood of confusion because the marks are identical, and (5) revocable authorization does not give rise to acquiescence or estoppel defenses.

The court grants the motion. Abstention is appropriate for the plaintiffs' IIED and non-trademark UCL claims because they involve domestic issues. The plaintiffs' trademark claims and request for declaratory relief are dismissed because the complaint does not plausibly plead priority of use of the mark.

The parties consented to magistrate-judge jurisdiction.[8] 28 U.S.C. § 636(c)(1). The plaintiff did not appear for the August 27, 2026, hearing, and the court decides the motion on the papers.

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## ANALYSIS

The issues are whether the court should dismiss any of the plaintiffs' claims on abstention grounds and whether the plaintiffs have plausibly pleaded their trademark claims under the Lanham Act and UCL.

---

[8] Consents – ECF Nos. 14, 16.

**1. Abstention**

The defendants contend that the case should be dismissed or stayed under domestic-relations abstention, the *Colorado River* doctrine, and *Burford* abstention.[9] The plaintiffs assert that the case involves no domestic-relations disputes because the MJ Sushi Holding Company owns the trademark, not Fan or Li, and Li holds no officer or director position in the holding company.[10] The court dismisses the plaintiffs' IIED and non-trademark UCL claims on abstention grounds.

Courts may choose to abstain from cases where "domestic relations problems are involved tangentially to other issues determinative of the case." *Chan v. Exley*, No. 21-cv-09990-VC, 2022 WL 1027113, at *1 (N.D. Cal. Apr. 6, 2022) (quoting *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982)). Other courts in this district have chosen to abstain where a complaint "ask[s] the court to make several determinations that are doubtless at issue in . . . dissolution proceedings." *Burden v. Serafin*, No. 22-cv-03479-DMR, 2023 WL 4002727, at *5 (N.D. Cal. May 22, 2023).

Here, the plaintiffs' non-trademark claims (IIED and the unfair and unlawful prongs of the UCL claim) go directly to Li's management of the restaurant defendants, which will involve domestic issues (including marital fiduciary duties).[11] The plaintiffs did not meaningfully dispute this point for the non-trademark claims. Thus, the non-trademark claims are dismissed on abstention grounds.

Abstention does not apply to the plaintiffs' trademark claims. The defendants contend that abstention applies to claims related to the holding company and MJ Sushi trademark because they involve community property.[12] But only ownership of the MJ Sushi trademark is relevant to the plaintiffs' trademark claims, and the plaintiffs pleaded that the MJ Sushi Holding Company is the sole owner of the trademark and that Fan is its sole director and CEO.[13] Thus, it is unnecessary to decide any distribution of marital property to determine whether MJ Sushi Holding Company

---

[9] Mot. – ECF No. 7 at 17–20.

[10] Opp'n – ECF No. 18 at 2.

[11] Mot. – ECF No. 7 at 18 (making this point).

[12] *Id.*

[13] Compl. – ECF No. 1 at 4 (¶ 14).

owns the MJ Sushi trademark. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets.").

The *Colorado River* doctrine also does not apply to this case. Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). A *Colorado River* stay is appropriate only where the federal court has full confidence that the state court proceedings will resolve the entire case before the federal court. *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1204 (9th Cir. 2021). Where there is more than one realistic possible outcome of the state court proceedings, a *Colordao River* stay should not issue where one of the outcomes would necessitate additional litigation in a parallel federal case. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838–42 (9th Cir. 2023). Because the defendants have not shown that the state court proceedings will resolve the entire case, the court does not stay the case.

*Burford* abstention does not apply to the plaintiffs' trademark claims because California has not concentrated trademark infringement suits in any particular court. *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 930 (9th Cir. 2024) ("*Burford* abstention 'is only appropriate' when: (1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy." (cleaned up)).

**2. Trademark Claims**

The defendants assert that the plaintiffs' trademark claims should be dismissed because (1) Fan, as co-owner of the MJ Sushi restaurant defendants, cannot sue the defendants for trademark infringement, (2) the plaintiffs have not alleged first use of the trademark, (3) there is

no likelihood of confusion, (4) the plaintiffs acquiesced to the defendants' use of the MJ Sushi mark, and (5) the plaintiffs are estopped from revoking authorization to use the trademark.[14] The plaintiffs respond that (1) Fan has sued in his capacity as CEO and director of MJ Sushi Holding Company, not as co-owner of the defendant restaurants, (2) the complaint adequately alleges that MJ Sushi Holding company owns the MJ Sushi trademark and that the defendant restaurants used them only by the holding company's authorization, (3) use of an identical mark shows a likelihood of confusion, and (4) a revocable authorization to use a trademark cannot cause infringement claims to be barred under acquiescence or estoppel defenses.[15]

The plaintiffs have not established a protectable mark through first use of the MJ Sushi trademark. The claims for trademark infringement and unfair competition are under the Lanham Act and UCL. The elements of the UCL claim are the same as the federal trademark claim. *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004) (trademark); *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (unfair-competition claims under Cal. Bus. & Prof. Code § 17200 are "substantially congruent" to Lanham Act claims).

To establish a claim for trademark infringement, a plaintiff must allege (1) a valid, protectable mark, (2) the defendant used the same or a confusingly similar mark in commerce, and (3) the defendant's use is likely to cause confusion among consumers. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969–70 (9th Cir. 2007).

In trademark law, the standard test of ownership is priority of use. *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996); *see Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) (the analysis of "priority of use" is the same for infringement of a registered mark under 15 U.S.C. § 1114(1) or infringement of common-law trademark rights (also called unfair competition or false designation of origin) under § 1125(a)(1)(A)). To show a protectable ownership interest, it is not enough to invent or register

[14] Mot. – ECF No. 7 at 21–23.

[15] Opp'n – ECF No. 17 at 3–5.

the mark first: the party claiming ownership must be the first to use it in the sale of goods or services. *Sengoku*, 96 F.3d at 1219.

When proving ownership, federal registration of the mark is prima facie evidence that the registrant is the owner of the mark. *Id.* (citing 15 U.S.C. §§ 1057(b), 1115(a)). A registrant thus is granted a presumption of ownership, dating to the filing date of the application for federal registration. *Id.* The non-registrant can rebut this presumption by showing by a preponderance of the evidence that the registrant had not established valid ownership rights in the mark at the time of registration. In other words, if the non-registrant can show that he used the mark in commerce first, "then the registration may be invalidated." *Id.* at 1220. The Lanham Act also creates a limited exception to the use-based priority rule, providing for a mark that is subject to a federal trademark application under Section 1(b) or Section 44 of the Act to obtain a "constructive use" date that may be earlier than the actual first-use date, meaning, a priority date with the same legal effect as the earliest actual use of a trademark at common law. *Gearsource Holdings, LLC v. Google LLC*, No. 18-cv-03812-HSG, 2020 WL 3833258, at *4 (N.D. Cal. July 8, 2020) (citing 15 U.S.C. § 1057(c) & 2 J. Thomas McCarthy on Trademarks and Unfair Competition § 16:17 (5th ed.)).

Therefore, to establish priority, a plaintiff must establish a date of first use — constructive or actual — that is before the defendant's alleged first use. *Id.* at *5.

Under the Lanham Act, "actual" trademark use occurs through "use in commerce," "which means 'the bona fide use of a mark in the ordinary course of trade, and not [use] merely to reserve a right in a mark.'" *Id.* at *7 (quoting *Brookfield*, 174 F.3d at 1051). A mark is "in use in commerce" for services "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127 (the word "commerce" means "all commerce which may lawfully be regulated by Congress"); *Gearsource*, 2020 WL 3833258, at *7.

The plaintiffs plead that the holding company is the "sole owner" of the MJ Sushi trademark and "initially authorized the corporate Defendants to use the 'MJ Sushi' mark in connection with the operation of the restaurants."[16] But pleading that the holding company owns the trademark is

---

[16] Compl. – ECF No. 1 at 2–3 (¶¶ 3, 8).

United States District Court
Northern District of California

conclusory and, even when viewed in the light most favorable to the plaintiffs, does not plausibly plead priority of use. *See Star-Kist Foods, IC. V. P.J. Rhodes & Co.*, 769 F.2d 1393, 1396 (9th Cir. 1985) ("One who licenses a trademark must retain control over the quality of goods sold by the licensee under the trademark."). The plaintiffs cite no authority stating otherwise. Thus, the plaintiffs' trademark claims under the Lanham Act and UCL and claim for declaratory relief are dismissed.

**CONCLUSION**

The plaintiffs' IIED claim and non-trademark UCL claims are dismissed without prejudice on abstention grounds. The plaintiffs' trademark infringement claims under the Lanham Act and UCL and their request for declaratory relief are dismissed without prejudice. The plaintiffs must file an amended complaint addressing the deficiencies identified in this order by September 24, 2026, with a blackline compare (in color) of the new complaint against the current complaint. This order resolves ECF No. 7.

**IT IS SO ORDERED.**

Dated: August 27, 2026



LAUREL BEELER
United States Magistrate Judge